FILED
2020 Sep-17  PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 2:20-cv-01156-RDP-JHE |
| } | |
| TOP GOLF BIRMINGHAM BAR, et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

On August 19, 2020, the Magistrate Judge entered a Report and Recommendation (Doc. # 3), recommending that Plaintiffs' application to proceed *in forma pauperis* (Doc. # 2) be denied pursuant to 28 U.S.C. § 1915 and Plaintiffs' complaint (Doc. # 1) be dismissed without prejudice because (1) Plaintiff failed to pay the requisite filing and administrative fees, (2) complete diversity is lacking on the face of the complaint as defendant is an Alabama citizen and Top Golf of Birmingham is located in Alabama, and (3) Plaintiffs' state law claims are barred by the applicable statutes of limitations. Plaintiffs objected to the Report and Recommendation. (Doc. # 3). After careful consideration of the record in this case, including the Magistrate Judge's Report and Recommendation and the objections raised by Plaintiffs, the court hereby **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** his Recommendations.

In addition to the rationales laid out in the Report and Recommendation, another ground exists to why Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and Plaintiffs' complaint relies on diversity jurisdiction. But, "diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

And, the complaint (Doc. # 1) asserts claims on behalf of a number of unnamed plaintiffs ("John Doe, Mary [Doe,] and Richard Doe[s]") against a number of unnamed defendants ("John Doe[s], Mary Doe[s], and Richard Doe[s]") without stating any of the unnamed parties' citizenships. This is insufficient to establish diversity jurisdiction, as the burden is on Plaintiffs to show complete diversity. *See House v. Southeastern Freight Lines, Inc.*, 2009 WL 10671259, at *2 (N.D. Ga. Apr. 23, 2009) ("[W]here … plaintiffs name a fictitious defendant in a diversity case, plaintiffs must do more than make generally conclusory allegations regarding the fictitious defendant's citizenship."). Because Plaintiffs cannot establish federal subject matter jurisdiction over their complaint, this suit should be dismissed without prejudice.

In accordance with the Recommendation and the above analysis, the court **OVERRULES** Plaintiffs' objections, **DENIES** Plaintiffs' application to proceed *in forma pauperis* and **CONCLUDES** that this suit is due to be dismissed without prejudice. A separate Order will be entered.

**DONE** and **ORDERED** this September 17, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE